IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MEDICAL OPTICS, INC., a Delaware corporation,    Plaintiff,  v.  ALCON LABORATORIES, INC., a Delaware corporation, and ALCON MANUFACTURING, LTD, a Texas Limited Partnership    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C. A. No. 03-1095-KAJ    **JURY TRIAL HELD APRIL 25-MAY 6, 2005** |

## AMO'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION FOR ENTRY OF INJUNCTION

On May 27, 2005, following the jury's return of a verdict of infringement of the patents in suit in this case, plaintiff Advanced Medical Optics, Inc. ("AMO") brought a motion for entry of a permanent injunction. Alcon opposed entry of an injunction or at least, requested that any injunction be stayed. See generally, Alcon Memorandum In Support Of Its Motion To Stay Injunction Pending Appeal and in Opposition to AMO's Motion for Entry of Permanent Injunction (D.I. 315), filed June 13, 2005. With respect to one of the patents in suit, U.S. Patent No. 6,059,765 (the "'765 patent"), Alcon rested its position, in part, on the proposition that "the portion of any injunction directed at the '765 patent would harm the medical community and the general public by taking off the market the safest, most effective technology for cataract removal – the Alcon Infiniti System." *Id* at p. 1. Further, Alcon contended that an injunction would work an irreparable harm upon Alcon. It now appears that the basis upon which Alcon rests these arguments is untrue and accordingly, the argument should have no impact upon the Court.

Both Alcon's public interest argument and its irreparable harm argument rest upon the purported factual foundation that if an injunction were entered, it would take up to a year for Alcon to bring to market a non-infringing replacement product. *Id* at 12, 18. Alcon states that during that year, the public would be denied the benefits of the purportedly superior Infiniti technology, suppliers to Alcon would have no purchaser for their components, employees would have nothing to build, and Alcon's market share would be unfairly impaired. *Id* at pp. 12, 15, 17, 18.

Alcon is uniquely able to advise the Court as to the redesign required to avoid AMO's patent. And so, Alcon representations on this point stood essentially unrebutted. Now, however, it appears that Alcon itself is contradicting those same representations. Alcon competes with AMO for phacoemulsification system business constantly. In the course of that competition, Alcon has repeatedly made specific representations to customers as to the effect of an injunction. Those representations, as set forth in the accompanying Declaration of Tom Grosskropf (Exhibit A hereto), are as follows:

a. Alcon does not believe that the Court will issue an injunction that will affect the Infiniti phacoemulsification system;

b. Even if the Court does enter an injunction, it could only affect the FMS cassette used in the Infiniti system and not the Infiniti console;

c. In the event of such an injunction, Alcon has already developed a redesigned FMS cassette that completely avoids the patent;

d. Alcon can introduce the redesigned FMS cassette at any time; and

e. Alcon warrants, with a money-back guarantee, that the Infiniti system with the redesigned FMS cassette will perform as well or better than the current FMS cassette design.

Grosskopf Decl., ¶ 4.

The implications of these representations are clear. Alcon's representation to this Court that it will take seven months to a year from when it begins redesigning to introduce a replacement product in the United States is false. In fact, Alcon has done the redesigning and the replacement product is ready to go. Alcon's representation to this

Court that an injunction would interfere with the supply of Infiniti systems is false. In fact, Alcon is telling the market that an injunction would have no affect on supply.

By its own statements to phacoemulsification customers around the United States, Alcon has demonstrated that there is no public interest adverse to the entry of an injunction, nor any possible irreparable harm to Alcon. Yet Alcon continues to enjoy the benefits of AMO's patented technology in the market. AMO therefore requests that an injunction be entered immediately.

Respectfully Submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

A. James Isbester
Gillian W. Thackray
ISBESTER & ASSOCIATES
3160 College Avenue, Suite 203
Berkeley, CA 94705
Tel.: (510) 655-3014
Facsimile: (510) 655-3614

Dated: October 11, 2005
702798 / 27387

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
Tel.: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on October 11, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Melanie Sharp
Young Conaway Stargatt &
Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on October 11, 2005, I have Federal Expressed the documents to the following non-registered participants:

Linda S. Resh
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

By: /s David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

674815