## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MEDICAL OPTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 03-1095 KAJ |
| ALCON LABORATORIES, INC., | ) |
| a Delaware corporation, and | ) |
| ALCON MANUFACTURING, LTD., | ) |
| a Texas Limited Partnership, | ) |
| | ) |
| Defendants. | ) |

### ALCON'S OPPOSITION TO AMO'S
### SUPPLEMENTAL SUBMISSION IN SUPPORT
### OF MOTION FOR ENTRY OF INJUNCTION AND MOTION TO STRIKE

Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801

P.O. Box 391
Wilmington, Delaware 19899-0391

(302) 571-6681
msharp@ycst.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017
(213) 680-8400

Linda S. Resh
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

*Attorneys for Defendants Alcon Laboratories, Inc. and Alcon Manufacturing, Ltd*

Dated:  October 24, 2005

## I.   ARGUMENT

AMO's Supplemental Submission is at best irresponsible.  In a public filing, AMO accuses Alcon of falsely representing to this Court the time necessary to redesign the FMS cassette, based on nothing more than triple (and possibly quadruple) hearsay. As much as Alcon would prefer to ignore AMO's baseless accusations, the serious and public nature of AMO's assertions compel Alcon to set the record straight. AMO's "Supplemental Submission" is, on its face, devoid of merit, lacking any admissible evidence to support its accusations. Alcon respectfully requests that this Court strike AMO's Supplemental Submission (because it was filed without leave and lacks even a facial factual basis), or alternatively reject AMO's request for relief as unfounded.

The factual bases asserted in support of Alcon's Motion to Stay Injunction Pending Appeal were true when the motion was filed and remain true today.  *See* Exh. A, S. Raetzman Decl. at ¶¶ 5 and 6.  AMO's assertion that Alcon has already created a new cassette, which it can  introduce at any time, is simply false.  *Id.* at ¶ 6.  Alcon previously represented that it would take approximately one year before a redesigned cassette would be ready for marketing, *see* D.I. 315, Alcon's Memo. in Supp. of Mot. to Stay Entry of a Perm. Inj. at 18 (citing Exh. E, Lickel Decl. At ¶ 10), and that timetable remains true today.  *Id.* at ¶ 5.  As of the date of this filing, Alcon has not completed its design-around cassette and does not anticipate completion of a working, validated product until some time next year.  *Id.* Thus, the facts have not changed, and AMO offers no admissible evidence to call them into question. The bases for Alcon's motion to stay any permanent injunction pending appeal remain accurate and compelling: the public interest favors a stay; Alcon would be irreparably harmed absent a stay; and AMO would not be substantially injured by a stay. *See* D.I. 315, Alcon's Memo. in Supp. of Mot. to Stay Entry of a Perm. Inj. at § § II.A.1-4.

As "support" for its accusation that Alcon made false representations to this Court, AMO offers nothing more than multiple layers of hearsay. AMO's Vice President of Sales claims that he was told (1) by unidentified AMO employees, who were told (2) by unidentified AMO customers or potential AMO customers, that they were told (3) by "Alcon" certain things relative to a redesigned cassette. This "evidence" is as unreliable as it is unverifiable. AMO's refusal to provide any details whatsoever (names, dates, locations) concerning the supposed statements not only casts doubt on AMO's intentions, but makes it practically impossible for Alcon to meaningfully investigate AMO's accusations.

AMO never brought the alleged statements asserted in its Supplemental Submission to Alcon's attention before its filing with this Court, and never offered Alcon an opportunity to investigate or to deny its allegations. This is in stark contrast to the procedure Alcon followed when it discovered misrepresentations AMO was making in the marketplace prior to trial.[1] Obviously, AMO was not interested in determining the truth, but rather cobbling together some pretext to accuse Alcon of making false representations to this Court. Such practice should not be countenanced. AMO's Supplemental Submission should be stricken.

Notwithstanding the lack of details in AMO's accusations, Alcon has conducted a general investigation and is unaware of any instances in which an Alcon representative has incorrectly advised anyone that Alcon has completed a redesigned cassette or that it is anywhere close to being "ready to go." *See* Exh. A, S. Raetzman Decl. at ¶ 7. Moreover,

---

[1]   On two separate occasions last year Alcon discovered that false and inflammatory statements were being made by AMO sales representatives. Alcon brought those statements to AMO's attention, without imposing upon this Court. And, Alcon gave AMO the date, location, and content of the statements, allowing AMO to investigate. After AMO confirmed that its representatives' misrepresentations were inconsistent with AMO's policy concerning this matter, the matter was not pursued further by Alcon.

such statements are wholly inconsistent with Alcon's policy. *Id.* at ¶¶ 3 and 4. Alcon representatives have been instructed never to state or to imply that an injunction will not be entered or to suggest that if entered it would be stayed. *Id.* at ¶ 9. In addition, Alcon's representatives and customers have been informed that while Alcon remains firm in its belief that the jury verdict should not stand, it has nevertheless begun developing a redesigned FMS cassette that should be free of any possible AMO infringement claims. *Id.* at ¶¶ 3 and 4. Indeed, the alleged statements relating to the redesign of the cassette and the entry of an injunction referred to in AMO's Submission are the very type of statements that Alcon has affirmatively instructed its representatives **not** to make. *Id.* at ¶ 9.[2]

AMO's submission exemplifies the many dangers of hearsay: misperception, faulty memory, miscommunication, distortion, and/or outright fabrication. *See* 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 6324 (2d ed. 2005). As such, AMO's Supplemental Submission should be stricken as improper, or alternatively AMO's request should be denied.

---

[2]   Out of an abundance of caution, upon receiving AMO's Supplemental Submission, Alcon reiterated to its sales force Alcon's policy with regard to this case. *See* Exh. A, S. Raetzman Decl. at ¶ 8. Alcon remains steadfast in its belief that its representatives did not and would not stray from the corporate policy and is investigating AMO's serious accusations to the best of its ability in light of the limited information provided by AMO.

## II.   CONCLUSION

For the foregoing reasons, Alcon respectfully requests that AMO's Supplemental Submission be stricken. Alternatively, for the foregoing reasons, as well as the reasons previously described in Alcon's Memorandum in Support of its Motion to Stay Injunction Pending Appeal and in Opposition To AMO's Motion for Entry of Permanent Injunction, Alcon respectfully requests that this Court deny AMO's renewed request for entry of permanent injunction.

Respectfully,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302) 571-6681 (telephone)
msharp@ycst.com

Robert G. Krupka, P.C.
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400 (telephone)

Linda S. Resh
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000 (telephone)

*Attorneys For Defendants Alcon Laboratories, Inc.
and Alcon Manufacturing, Ltd*

Dated:  October 24,  2005

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ADVANCED MEDICAL OPTICS, INC.,    )
                                           )
           Plaintiff,           )
                                         )
          v.              )
                                       )   Civil Action No. 03-1095 KAJ
ALCON LABORATORIES, INC.,      )
a Delaware corporation, and        )
ALCON MANUFACTURING, LTD.,   )
a Texas Limited Partnership,       )
                                        )
          Defendants.     )

## <u>DECLARATION OF STUART RAETZMAN</u>

    I, Stuart Raetzman, hereby declare as follows,

1.    I am over 21 years old.  The facts stated in this declaration are based upon my personal knowledge and I could competently testify thereto if called as a witness.

2.    In my capacity as the Vice President of Sales and Marketing, Surgical Cataract Group for Alcon Laboratories, Inc. I am involved in the dissemination, to Alcon customers and Alcon sales representatives, of Alcon's corporate policy regarding this case.  I am also aware of and have been involved with Alcon's efforts to redesign the Infiniti® FMS cassette.

3.    Shortly after the jury returned a verdict in this case, on two separate occasions, Alcon informed its customers and sales representatives, by letter, of Alcon's policy with regard to this case.

4.    Among other things, Alcon informed the readers that an injunction had not been entered, that Alcon had asked that any injunction be stayed, that, in the event an injunction is entered and not stayed, Alcon would not be able to ship new Infiniti® systems until Alcon had redesigned an FMS cassette that would be free from AMO infringement claims, and that while Alcon had begun designing a new cassette, completion of that redesign was months away.

5.    Alcon began its redesign of the Infinti® FMS cassette in May of this year.  I understand that redesign of the cassette is ongoing and a validated cassette is not expected to be ready for sale until sometime next year.

6.    I have read AMO Supplemental Submission and AMO's accusation that Alcon has already completed its redesign of the FMS cassette and that it "is ready to go."  AMO is

simply wrong. Had Alcon completed its redesign, Alcon would have informed the public at the American Academy of Ophthalmology (AAO) meeting in Chicago last week.

7. After reading AMO's Supplemental Submission, Alcon began investigating whether anyone at Alcon made any statements to the effect that the redesign of the Infiniti® FMS cassette was complete or that an injunction would not affect the Infiniti® system. I am involved in that investigation. To date, -unaware of any such statements being made.

8. On **October 14, 2005**, after receiving AMO's Supplemental Submission, Alcon reiterated its corporate policy regarding this case to its sales representatives at the AAO meeting. There, Alcon once again reiterated that which its sales representatives *could* say (as explained in paragraph 4 above) and further detailed what they *could not* say.

9. Among other things, Alcon informed its sales force that they *could not* claim that Alcon will prevail, that the Court will rule in a certain way, that design of a new cassette is complete, or that sales of Infiniti® systems will definitely not be interrupted.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 21st day of October 2005 in Fort Worth, Texas.

_____
Stuart Raetzman

Sworn and subscribed to me this _21_ day of October, 2005

_____
Notary Public
My commission expires ___7-06-09___

VALERIE LYNN BELL
Notary Public, State of Texas
My Commission Expires
JULY 6, 2009

DB01:18
82076.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2005, I electronically filed a true and correct copy of Alcon's Opposition To AMO's Supplemental Submission In Support Of Motion For Entry of Injunction and Motion to Strike with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz
> David E. Moore
> Potter Anderson & Corroon, LLP
> Hercules Plaza, 6th Floor
> 1313 N Market Street
> Wilmington, DE 19801

I further certify that on October 24, 2005, I caused a copy of Alcon's Opposition To AMO's Supplemental Submission In Support Of Motion For Entry of Injunction and Motion to Strike to be served by hand delivery on the above-listed counsel of record and on the following non-registered participant in the manner indicated:

> **BY E-MAIL AND FEDERAL EXPRESS**
> A. James Isbester
> Gillian Thackray
> Isbester and Associates
> 3160 College Avenue, Suite 203
> Berkeley, CA 94705

> Josy W. Ingersoll (No. 1088)
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801

> P.O. Box 391
> Wilmington, DE 19899-0391
> (302) 571-6672
> jingersoll@ycst.com
> *Attorneys for Defendants Alcon Laboratories, Inc.*
> *and Alcon Manufacturing, Ltd*