IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ADVANCED MEDICAL OPTICS, INC.,      )
a Delaware corporation,              )
     Plaintiff,                     )
                       )
     v.                              )   C. A. No. 03-1095-KAJ
                       )
ALCON LABORATORIES, INC.,           )
a Delaware corporation, and ALCON    )
MANUFACTURING, LTD, a Texas Limited )
Partnership                          )
                       )
     Defendants.                     )

**FINAL JUDGMENT**

This action came on for trial before the Court and a jury, Honorable Kent A. Jordan, District Judge, presiding, and the issues having been tried and the jury having rendered its verdict on May 6, 2005 and answered a Special Jury Verdict form, a copy of which is attached hereto.

IT IS HEREBY ORDERED, for the reasons stated in the Court's December 16, 2005 Memorandum Opinion (D.I. 379) and the Court's Post-Trial Findings of Fact and Conclusions of Law (D.I. 381), that judgment in this case is entered as follows:

1.    Judgment is entered in favor of plaintiff Advanced Medical Optics, Inc. ("AMO") and against defendants Alcon Laboratories, Inc. and Alcon Manufacturing, Ltd. (collectively "Alcon") that the asserted claims of U.S. Patent No. 5,700,240 (the "'240 patent) and U.S. Patent No. 6,059,765 (the "'765 patent") are not invalid (as specified in the attached Special Verdict form).

Final Judgment

2.      Judgment is entered in favor of AMO and against Alcon that the '240 and '765 patents were infringed (as specified in the attached Special Verdict form).

3.      Judgment is entered in favor of AMO and against Alcon that the infringement of the '240 patent and of the '765 patent was willful and, on that basis, the total damages awarded by the jury as adjusted by the Court in the Court's Post-Trial Findings of Fact and Conclusions of Law (D.I. 381) for past infringement of the '240 and '765 patents will be trebled pursuant to 35 U.S.C. § 284.

4.      Judgment is entered in favor of AMO and against Alcon in the amount of $234,531,784 million, said judgment being the sum of:

a.      Enhanced damages of $213.9 million, which reflects a trebling of damages for past infringement in the amount of $37.5 million in lost profits and $27.6 million in reasonable royalties with respect to the '240 patent and $6.2 million in reasonable royalties with respect to the '765 patent.

b.      Damages for infringement occurring between March 1, 2005 through December 31, 2005 of $6,269,358 in lost profits and $1,956,735 in reasonable royalty damages with respect to the '240 patent and $10,030,767 in reasonable royalty damages with respect to the '765 patent, such calculation having been agreed to by the parties based on the methodology employed by plaintiff's expert, Jonathon Putnam, adjusted to reflect the amount of damages awarded by the jury (such agreement by the parties does not represent an admission that the verdict, amount of damages, or methodology used to calculate the damages is correct and is without prejudice to any otherwise existing right to challenge any aspect of the verdict or damage calculation on appeal; and

c.      Prejudgment interest of $2,228,473 (for sales through Feb. 2005) and $146,450 (for sales March-December 2005), calculated at Alcon's average cost of capital of 4.4%, such prejudgment interest shall be calculated only on the base damage award and not on the amount by which the damages were enhanced by trebling.

5.    Judgment is entered in favor of AMO and against Alcon that this case is exceptional pursuant to 35 U.S. C. § 284 and AMO is awarded reasonable attorney's fees and costs, to be determined and awarded in accordance with Fed R. Civ. P. 54 and with L.R. 54.1 – 54.3.

6.    Alcon Laboratories, Inc. and Alcon Manufacturing, Ltd., together with their officers, agents, servants, employees, and attorneys who receive actual notice of this Order and injunction, are permanently enjoined from:

a.    Infringing claims 1, 3, 5 and 6 of the '240 patent during the term of that patent. In particular, Alcon is enjoined from the manufacture, use, offer for sale, and/or sale within the United States or importing into the United States the Legacy phacoemulsification console with the "Special Function – Occlusion" feature, the Infiniti® phacoemulsification console with the "Custom – U/S/ Occlusion" feature, or devices not colorably different from these adjudicated devices. This order shall not enjoin or prevent use, resale or repair of such consoles sold, leased or otherwise distributed prior to entry of this order, nor shall it prevent sales of handpieces, phacoemulsification cassettes, or other consumables for use in such consoles sold, leased or otherwise distributed prior to entry of this order; and

b.    Infringing claims 13 and 19 of the '765 during the term of that patent. In particular, Alcon is enjoined from the manufacture, use, offer for sale or sale within the United States or importing into the United States Infiniti® phacoemulsification systems comprising, for use in combination, both an Infiniti® console and one or more FMS cassettes, or systems not colorably different from this adjudicated system. This order shall not enjoin or prevent use, resale, or repair of Infiniti® consoles sold, leased or otherwise distributed prior to entry of this order, nor shall it prevent manufacture or sale of handpieces, phacoemulsification cassettes, packs, or other consumables for use in Infiniti® consoles sold, leased or otherwise distributed prior to entry of this order.

7.    The permanent injunction relating to infringement of the '765 patent, as detailed in 6(b) above, is stayed pending the final resolution of any appeal.  Alcon shall post a $1.8 million bond as security during the pendency of the appeal.

Dated: _Jan 20, 2006_
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

Final Judgment